■ NAHIM ISAIAS, Appellant, v. DAVID FISCHOFF et al., Defendants, and S. J. UNGAR REALTY AFFILIATES, INC., Respondent. SIDNEY J. UNGAR, Respondent-Appellant, and SYLVIA K. MILLER, Respondent, v. DAVID FISCHOFF et al., Defendants, and NAHIM ISAIAS, Appellant-Respondent. NAHIM ISAIAS, Appellant-Respondent, v. SIDNEY J. UNGAR, Respondent-Appellant, and WATER FRONT SERVICE STATIONS, INC., Respondent, et al., Defendant. JOSEPH MANDELL, Appellant-Respondent, v. SIDNEY J. UNGAR, Respondent-Appellant.— Order, Supreme Court, New York County, entered on May 24, 1971, confirming a claimed stipulation of settlement and directing execution of the settlement, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, and the application of Ungar denied. In these four actions for the foreclosure of a mortgage and other related relief and for defamation, there were settlement negotiations. The court, relying on his own interpretation and recollection of what had occurred before him, believed that a settlement had been agreed upon. He thereupon directed the defendant who accorded with that view to move, orally, to confirm the settlement, granted the motion and directed the parties to take the necessary steps to effectuate the settlement. The first difficulty is that there is no such procedure known to our law. Assuming, *arguendo,* that a settlement was voluntarily reached and agreed upon, that would terminate the action and no further proceedings could be had in it. (See *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.,* 247 N. Y. 435, 444–446.) The remedies of the parties would be to seek such relief as the contract of settlement allowed. However, if it is regarded that the application directed to be made was made in such an action and was in the nature of a motion for summary judgment in that action, the procedure followed would be permissible. That it can be so regarded is indicated by the fact that no one, either in the court below or on this appeal, questioned the procedure. This, however, does not dispose of the question presented, namely, whether a settlement had been arrived at. Understandably, but nonetheless unfortunately, the record is not sufficient to make a determination in that respect. The court decided on what he himself heard and saw. We are not shown what these facts were, only the Judge's conclusions from them. The order must therefore be reversed, but without prejudice to such further application as either party may be advised to make. It would further appear that in any such application the Judge's testimony as to what took place could be very material and that the matter should be heard by another court. Even if no application based on the claimed settlement should be made and the matter proceeded in its regular course, it would be inadvisable to have it concluded by the same Judge. As the case is in an Individual Calendar Part, it should be transferred in accordance with the rules governing such parts. In that connection, the objection taken that the alleged settlement included cases not in the Individual Calendar Part is not well taken. Under the rules those related cases could and, on proper application, should have been assigned to the same part. Concur — Markewich, J. P., Nunez, Steuer and Tilzer, JJ.

■ ETHEL RICHARDS et al., Appellants, v. DORIS KASKEL et al., Respondents.— Order, Supreme Court, New York County, entered June 7, 1971, is unanimously affirmed, without costs and without disbursements, on the ground that a clear case for a temporary injunction is not made out. Concur — Markewich, J. P., Nunez, Steuer and Tilzer, JJ.