■ NAHIM ISAIAS, Respondent, v. DAVID FISCHOFF et al., Defendants, and S. J. UNGAR REALTY AFFILIATES, INC., Appellant.— Order, Supreme Court, New York County, entered July 30, 1971, denying defendant Ungar's motion dated July 14, 1971 seeking to vacate the original and subsequent notices of pendency unanimously modified, on the law and the facts, to the extent only of vacating the original *lis pendens* filed on May 7, 1968, and, as so modified, affirmed. Two orders of said court entered on July 30, 1971, denying defendant Ungar's motions to dismiss the complaint and vacate the order of receivership unanimously affirmed. Plaintiff-respondent shall recover of defendant-appellant one bill of $50 costs and disbursements of this appeal. Section 1331 of the Real Property Actions and Proceedings Law requires that in an action to foreclose a real property mortgage, as here, a *lis pendens* must be filed at least 20 days before final judgment of foreclosure and sale is rendered. Thus, we perceive that the filing of a *lis pendens* is requisite to the entry of a final judgment. (*Robbins* v. *Goldstein*, 36 A D 2d 730.) But in the instant case, a reference is in progress, and the entry of final judgment is not yet. Consequently, for the reasons explicated in *Robbins* (*supra*), the filing of a new *lis pendens* was lawful and timely; and on this record there is no basis for impeding the progress of the foreclosure action, particularly in view of the course of action charted by appellant subsequent to our previous decision reported at 37 A D 2d 702. Concur—McGivern, J. P., Markewich, Murphy, Steuer and Tilzer, JJ.

■ In the Matter of SIDNEY J. UNGAR et al., Petitioners, v. JAMES J. LEFF, Respondent.— Application for an order of mandamus pursuant to article 78 of the CPLR unanimously denied for the reasons stated in the disposition of concomitant appeals (*Isaias* v. *Fischoff*, 37 A D 2d 934), decided simultaneously herewith, and the petition dismissed, without costs and without disbursements. Concur — McGivern, J. P., Markewich, Murphy, Steuer and Tilzer, JJ.

■ DIESEL CONSTRUCTION et al. v. WOLFF & MUNIER, INC.— The motion for a stay is hereby granted. Without prejudging the merits of the appeal, there is an apparent conflict between the denial of the mandatory injunction by Special Term and the order which was signed. Moreover, a stay at this juncture is appropriate in view of the well-settled rule that a mandatory injunction " if ever permissible in advance of final judgment, is plainly inappropriate unless the undisputed facts are such that a trial is a futility ". (*Yome* v. *Gorman*, 242 N. Y. 395, 401–402; see, also, *Ultra Fuel Corp.* v. *Johnston,* 30 A D 2d 801.) Nor is there any warrant for deferring a trial until the Day Calendar of May 1972, when an immediate trial is clearly indicated. The parties however, may, if so advised, permit another contractor to finish the job, without prejudice to their mutual claims in arbitration. But, to bring on the instant appeal with all deliberate speed, leave is granted to have the appeal heard upon the original record; and appellant is directed to procure the original record and appellant's points to be served and filed on or before November 22, 1971, with notes of issue for December 7, 1971; and respondents' points to be served and filed on or before November 30, 1971; with reply points, if any, to be served and filed on or before December 3, 1971. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Tilzer, JJ.