**Sidney J. UNGAR, Plaintiff,**

v.

**Nahim ISAIAS and Joseph Mandell, Defendants.**

**No. 72 Civil 21.**

United States District Court, S. D. New York.

Jan. 25, 1972.

Sidney J. Ungar, pro se.

Allen Jay Bodner, New York City, for defendant Mandell.

EDWARD WEINFELD, District Judge.

A simple foreclosure action, instituted in the Supreme Court of the State of New York by Nahim Isaias (here named as a defendant, but not served with process), wherein Sidney J. Ungar, the plaintiff in this suit, and others were enjoined from demolishing three buildings on the properties which are the subject of the foreclosure, spawned a number of other suits, including one for libel and slander, bringing in their wake a multiplicity of motions in the state courts, and finally this federal action by Ungar based upon diversity jurisdiction.

Plaintiff, upon one cause of action, seeks enforcement by this court of an agreement of settlement allegedly entered into by Isaias and other parties of four actions pending in the state court, and in the event performance cannot be effected, damages in the sum of $150,000, and upon a second cause of ac-

tion he seeks an additional $150,000 damages, allegedly resulting from the nonperformance of the alleged settlement of the state court actions. The defendants deny any settlement was ever entered into, a position thus far upheld by the state courts. Ungar v. Fischoff, 166 N.Y.L.J. at p. 10 (Sup.Ct., issue of Aug. 3, 1971). See also Isaias v. Fischoff, 37 A.D.2d 702, 322 N.Y.S.2d 967 (1st Dep't 1971).

Plaintiff now seeks a preliminary injunction to enjoin Isaias and his attorney from proceeding with the state foreclosure suit and to direct them to withdraw a motion pending there to confirm the referee's report and for the entry of judgment of foreclosure. Although directed against individuals, what is sought in substance is an injunction by a federal court to stay proceedings in a state court, which may be granted, if warranted, only under the exceptions set forth in the anti-injunction statute— that is, "where necessary in aid of [the federal court's] jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; see Atlantic Coast Line R. R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). Plaintiff, entirely apart from establishing that the controversy comes within one of the statutory exceptions, must also make an adequate factual showing of irreparable injury to obtain the extraordinary relief he seeks.

■ No useful purpose would be served in detailing the various proceedings and actions in the state court to date. The foreclosure suit here sought to be enjoined has been the subject of numerous motions, appeals, a writ of prohibition and a writ of mandamus. See Ungar v. Leff, 37 A.D.2d 934, 326 N.Y.S. 2d 292 (1st Dep't 1971), appeal dismissed, 29 N.Y.2d 724, 326 N.Y.S.2d 385, 276 N.E.2d 224 (1971). See also Isaias v. Fischoff, 37 A.D.2d 702, 322 N. Y.S.2d 967 (1st Dep't 1971). Thus far, plaintiff appears not to have made much headway in his extensive efforts to stay the foreclosure of the properties in which he has a substantial interest. There are presently pending appeals in the Appellate Division, one of which is to be heard at the March Term. The fact that thus far plaintiff has not prevailed in the state court on his various claims and charges, including rejection of his claim of prejudicial bias on the part of the state court justice who ruled adversely to his contention that an agreement of settlement of the action had been entered into does not, by itself, afford a basis to enjoin the state court from proceeding to final judgment in the foreclosure action. Any claim by plaintiff of alleged infringement of his constitutional or other rights can and should be advanced in the state courts; if and when a final judgment is entered, it is subject to appellate review there and ultimately by the Supreme Court of the United States. As the Supreme Court has recently cautioned: "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court." Atlantic Coast Line R. R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L. Ed.2d 234 (1970); cf. Younger v. Harris, 401 U.S. 37, 43, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971); Samuels v. Mackell, 401 U.S. 66, 69, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

■ Plaintiff here, as already noted, seeks money damages upon both claims. The injunction now sought is neither necessary in aid of the court's jurisdiction nor to protect or effectuate its judgments; entirely apart from that deficiency, there has been no factual showing of irreparable injury to justify injunctive relief. It is neither warranted by law nor required by the facts. Cf. Jacobs v. Tenney, 321 F.Supp. 937 (S. D.N.Y.1970).

The motion is denied in all respects.