■ ABRAHAM NEIMAN et al., Respondents, v FRED SPRINGER et al., Appellants.—In a proceeding to confirm an arbitration award, the appeal is from a judgment of the Supreme Court, Kings County, dated January 22, 1979, which granted petitioners' application and denied appellants' cross motion to vacate the award. Proceeding remitted to Special Term to hear and report, with findings of fact, on the issue of whether there was misconduct on the part of the arbitrators and the appeal is held in abeyance in the interim. The refusal to hear pertinent and material evidence is misconduct justifying vacatur of the arbitration award (see CPLR 7511, subd [b], par 1, cl [i]; *Matter of Professional Staff Congress/City Univ. of N. Y. v Board of Higher Educ. of City of N. Y.*, 39 NY2d 319, 323). In the instant case the arbitrators allegedly refused to hear evidence as a result of their finding that the parties had settled the issues to which the proffered evidence pertained. The issue of misconduct therefore turns on whether the arbitrators arbitrarily found that a settlement had been reached. (See *Gervant v New England Fire Ins. Co.*, 306 NY 393, 398-400.) However, the record is insufficient to make a determination in that respect. Accordingly, a hearing is required (cf. *Isais v Fischoff*, 37 AD2d 702). Hopkins, J. P., Titone, Margett and Mangano, JJ., concur.

■ DOROTHY WARD, Respondent, v JOSEPH G. WARD, Appellant.—In a matrimonial action, defendant appeals from an order of the Supreme Court, Westchester County, dated March 12, 1979, which denied his motion, pursuant to section 775 of the Judiciary Law, to direct his release from the County Jail of Westchester County wherein he was confined for civil contempt. Appeal dismissed as moot, without costs or disbursements, in view of the fact that defendant is no longer being detained under the challenged order continuing his incarceration. Furthermore, we note that the legality of any future incarceration of the defendant which may be sought by the plaintiff is subject to the orderly process of appeal. Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.