■ JACK G. SCHWARTZ, Appellant, v CERTIFIED MANAGEMENT CORP. et al., Respondents. — Order, Supreme Court, New York County, entered December 13, 1979, granting Investors' motion to cancel the *lis pendens* and permitting plaintiff to make substituted service upon Investors' attorneys, modified, on the law, by reversing so much thereof as granted the motion to cancel, and denying that motion, and, as modified, otherwise affirmed, with costs. Plaintiff Schwartz alleges in his complaint that he was wrongfully evicted from his apartment because he opposed a plan to convert his building to a co-operative. There is no dispute that, after the *lis pendens* was filed on March 16, 1979, the plaintiff served summonses within 30 days upon (i) Certified Management Corp., the managing agent of the premises, (ii) William Crocker, the building superintendent, and (iii) Charles Bernstein, the individual now residing in the subject apartment. In a prior order that is not challenged, Special Term found that service had not been properly effected upon Investors, Ltd., the owner of the building. Subsequently, Special Term granted the instant motion to cancel the *lis pendens* because the owner had not been served within 30 days after filing (CPLR 6514, subd [a]). Plaintiff's attorney stresses that Investors did not file a partnership business certificate as is required by section 130 of the General Business Law. Thus, that attorney did not know where to serve Investors. Furthermore, there is an indication that, during the 30-day period, plaintiff's attorney attempted to serve Investors at the Florida address listed in the deed for the building. The attorney states that no office for Investors could be located at that address. Finally, it should be noted that Investors' attorney was unwilling to reveal a proper address for Investors. In a multidefendant case, one owner must normally be served to preserve a *lis pendens* (cf. *Micheli Contr. Corp. v Fairwood Assoc.*, 73 AD2d 774). However, in view of (i) Investors' failure to file a partnership business certificate, (ii) Investors' evasive conduct, and (iii) plaintiff's good faith effort to make service during the 30-day period, the *lis pendens* will be preserved by the service effected upon the other three defendants. Concur — Murphy, P. J., Sullivan, Lupiano, Silverman and Yesawich, JJ.