OPINION OF THE COURT
Loren N. Brown, J.
By order to show cause, and supporting papers, C-Jeff Realty Corp. and Richard Corvetti, alleged owners of a parcel of land located in the Town of Lake Pleasant, County of Hamilton, seek an order requiring the Clerk of the County of Hamilton to cancel a notice of pendency filed on August 24, 1984, affecting the aforementioned land.
The court will outline only those undisputed facts upon which it will be able to render a decision as a matter of law. The property in question was at one time owned by Lucille P. Leisure. Upon her demise, her sons, Peter K. Leisure and George S. Leisure, Jr., became coexecutors of her estate. The property was placed on the market, with defendants Val Meixner and United Farm Agency possessing the agency to sell. The plaintiff alleges that he offered to buy the property and that that offer was accepted by Mr. Meixner on behalf of the estate. Thereafter, the plaintiff alleges, the defendants reneged on the prior agreement and consummated a second agreement to sell the property, this time with movants Richard Corvetti and C-Jeff Realty Corp. Thereafter, the plaintiff, through his attorney, filed a notice of pendency. A summons and complaint was served on defendant Meixner within 30 days after filing. Neither executor was served within the 30-day period.
The paramount issue before the court is whether service upon the real estate agent within 30 days of filing is sufficient to *1012 effectuate the notice of pendency. The court finds that service was insufficient.
In these circumstances, in order to continue in effect a notice of pendency after filing, a defendant must be served with a summons within 30 days of filing the notice. (CPLR 6512.)
Generally, unless the owners of property act in such a way as to thwart service upon them within 30 days, at least one owner must be served. (Schwartz v Certified Mgt. Corp., 78 AD2d 823.) Here the agent was not an owner, and there is no allegation that service could not have been made upon either executor.
Accordingly, the motion to cancel the notice of pendency is, in all respects, granted.