LEONARD SLUTSKY, Respondent, v BLOOMING GROVE INN, INC.,
Appellant, et al., Defendants.

Second Department, June 19, 1989

## APPEARANCES OF COUNSEL

*Sichol & Hicks, P. C. (Brian M. Gibson* of counsel), for appellant.

*Ferraro Rogers Dranoff Greenbaum Goldstein & Miller (Thomas C. Yatto* of counsel), for respondent.

## OPINION OF THE COURT

HARWOOD, J.

We are called upon by the appeal from the final judgment herein to determine, among other things, whether a vacatur of a notice of pendency because of the invalidity of

the underlying service of process *(see, Dashew v Cantor,* 85 AD2d 619) would preclude entry of a judgment in the plaintiff's favor in an action to foreclose a mortgage where such invalidity was subsequently "cured". While we conclude that it does, we also hold that, for purposes of establishing a foreclosure cause of action pursuant to RPAPL article 13, a plaintiff may file successive notices of pendency. We therefore reverse the judgment and remit the matter to the Supreme Court for the making of such factual findings as are necessary to properly determine whether judgment in the plaintiff's favor can be supported by the notice of pendency filed at the outset of the litigation.

It is not disputed that on November 28, 1983, the plaintiff and Blooming Grove Inn executed a mortgage pertaining to specified realty to secure Blooming Grove Inn's obligation on a $165,000 note payable in 60 monthly installments with, according to both the mortgage and contemporaneously executed note, annual interest of 16% "on the unpaid principal balance". It is also undisputed that, several years before final payment was to have been made, Blooming Grove Inn defaulted in payment of monthly installments and certain taxes required by the mortgage, whereupon the plaintiff, as was his contractual right, effectively declared the entire debt due. On July 12, 1985, shortly after he purportedly assigned his "interest in the Note" while retaining to himself the obligation to collect the moneys due, the plaintiff commenced this action to foreclose the mortgage by service of the summons and complaint, both dated July 10, 1985, on the defendant Carpenter & Smith, Inc. Service was also allegedly made on July 12, 1985, on Blooming Grove Inn. However, the validity of the service upon Blooming Grove Inn is disputed. On July 18, 1985, the plaintiff filed a notice of pendency *(see,* CPLR article 65; *see also,* RPAPL 1331).

The plaintiff moved for summary judgment. Contending that service was improperly effectuated and that, because of the purported assignment of the note, the plaintiff had no standing to maintain the action, Blooming Grove Inn crossmoved for summary judgment dismissing the complaint. By order dated March 7, 1986, from which no appeal was taken, the Supreme Court denied the motion and the cross motion on the ground that the issues of the propriety of service and of the plaintiff's standing presented issues of fact. As a result of that order, on April 11, 1986, the plaintiff "re-served" Blooming Grove Inn by delivery of two copies of the summons and

complaint to the Secretary of State *(see,* Business Corporation Law § 306). It is unclear whether Blooming Grove Inn formally responded to the "re-served" summons and complaint, but there is no contention in any of the papers included in the appendices before us that the "re-service" was invalid.

The plaintiff thereafter again sought summary judgment. Blooming Grove Inn opposed by a general assertion of reliance on the arguments on the prior motion. It also cross-moved for sanctions pursuant to CPLR article 31 and for vacatur of the notice of pendency filed on July 18, 1985, at the outset of the litigation. With respect to the latter branch of its motion, Blooming Grove Inn reasserted its claim that the first service of the summons and complaint was invalid and that valid service was not made within 30 days of the filing of the notice of pendency *(see,* CPLR 6512; *see also,* CPLR 6514 [a]). By order entered April 6, 1987, the Supreme Court granted the plaintiff's motion on the condition that the note underlying the mortgage be reassigned to the plaintiff and denied Blooming Grove Inn's cross motion in its entirety.

Following a reference to compute the amount due, the plaintiff moved to confirm the Referee's report and for a judgment of foreclosure and sale. In support of the motion, the plaintiff contended, *inter alia,* that the note had been "orally reassigned to him". Blooming Grove Inn opposed, asserting, *inter alia,* that the plaintiff failed to properly obtain reassignment of the note and that the Referee improperly computed the interest, both because of an arithmetical error and by applying the wrong rate. Blooming Grove Inn urged, *inter alia,* that the note and mortgage provided for annual interest of 16% only with regard to the monthly payments, that no provision was made for payment of interest after maturity, that the debt matured when the plaintiff elected to accelerate it, and that, after maturity, the plaintiff was entitled only to statutory interest of 9% *(see,* CPLR 5004). It also cross-moved for leave to reargue its earlier motion for vacatur of the notice of pendency and for sanctions pursuant to CPLR article 31. By order dated September 28, 1987, the Supreme Court granted the plaintiff's motion and denied Blooming Grove Inn's cross motion. The separate judgment of foreclosure and sale from which Blooming Grove Inn also appeals was issued simultaneously with the order.

■ Blooming Grove Inn's present contention that the plaintiff is without standing to maintain this action *(cf., Merritt v Bartholick,* 36 NY 44; *Kluge v Fugazy,* 145 AD2d 537) is

without merit *(cf., Allen v Brown,* 44 NY 228; *Gellens v 11 W. 42nd St.,* 259 App Div 435). The note secured by the mortgage is a negotiable instrument *(see,* UCC 3-104) which requires indorsement on the instrument itself "or on a paper so firmly affixed thereto as to become a part thereof" (UCC 3-202 [2]) in order to effectuate a valid "assignment" of the entire instrument *(cf.,* UCC 3-202 [3], [4]). No such indorsement is included with the note as reproduced in Blooming Grove Inn's appendix and it thus appears that the note was never validly transferred from the plaintiff.

■ We now turn to Blooming Grove Inn's contentions that the Supreme Court erred when it denied the motion for vacatur of the notice of pendency and when it granted the plaintiff summary judgment. We conclude that the Supreme Court lacked an adequate basis for making those determinations and therefore remit the matter for further proceedings.

Courts have consistently required strict compliance with the procedures set forth in CPLR article 65 for the filing of a notice of pendency, including the requirement that, where it is filed before commencement of the action, the defendant must be served with the summons within 30 days after the filing if the notice is to be effective (CPLR 6512; *see, 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 320; *Lanzoff v Bader,* 13 AD2d 995). Courts have determined that, in multidefendant cases, service on one defendant is sufficient to commence the action for the purposes of CPLR article 65 as long as the defendant has an ownership interest in the premises which are the subject of the litigation *(see, Vogel v Meixner,* 119 AD2d 877; *cf., Schwartz v Certified Mgt. Corp.,* 78 AD2d 823). If properly filed pursuant to CPLR article 65, a notice of pendency is a powerful tool for a plaintiff *(see, 5303 Realty Corp. v O & Y Equity Corp., supra).* If a notice of pendency is vacated or if its initial three-year life is not timely extended *(see,* CPLR 6513, 6514), successive notices may not be filed for the purposes of CPLR article 65 and the plaintiff loses the special privilege afforded by that article *(see, Holiday Investors Corp. v Breger & Co.,* 112 AD2d 979; *see also, Robbins v Goldstein,* 32 AD2d 1047, *appeal dismissed* 26 NY2d 749).

The requirement that, in a foreclosure action brought pursuant to RPAPL article 13, a notice of pendency be filed at least 20 days before entry of final judgment *(see,* RPAPL 1331) is, in effect an element of the plaintiff's cause of action *(see, Robbins v Goldstein,* 36 AD2d 730; *see also, Isaias v Fisohoff,* 37 AD2d 934). Failure to comply with the filing requirement

precludes entry of final judgment. However, while vacatur of a notice precludes future refiling for the purposes of CPLR article 65, successive notices may be filed for purposes of prosecuting to final judgment a foreclosure action *(see, Robbins v Goldstein, supra; see also, Isaias v Fischoff, supra)*.

The papers before us, including an affidavit of service contained in the plaintiff's appendix, demonstrate the existence of issues of fact as to whether Blooming Grove Inn was validly served on July 12, 1985. Moreover, the nature of the relationship of the codefendant, Carpenter & Smith, Inc., which was validly served, to the mortgaged premises is unclear. It is, therefore, presently impossible to determine whether a notice of pendency supporting the final judgment was validly filed. Consequently, the Supreme Court should not have denied the application by Blooming Grove Inn for vacatur of the notice of pendency and should not have granted the plaintiff summary judgment without first conducting such further proceedings as would be necessary for making the requisite factual determinations. We therefore remit the matter, but note that, should the Supreme Court determine that the notice of pendency is ineffective, the plaintiff may file a new notice, provided he does so at least 20 days before entry of final judgment (RPAPL 1331).

Finally, we discern no error in the Referee's calculations as to the amount due for interest from February 1985 the date of the last payment. Moreover, since Blooming Grove Inn agreed to pay annual interest of 16% "on the unpaid principal balance", the contract rate of interest rather than the statutory rate of interest governs after maturity and until judgment, at which time the statutory rate will govern *(see, e.g., O'Brien v Young,* 95 NY 428; *Schwall v Bergstol,* 97 AD2d 540, *lv denied* 61 NY2d 605, *appeal dismissed* 62 NY2d 804). As the judgment is hereby reversed, the contract rate will prevail until a new judgment is entered.

Accordingly, the appeals from the intermediate orders are dismissed *(see, Matter of Aho,* 39 NY2d 241, 242), the judgment is reversed, and the matter is remitted to the Supreme Court, Orange County, for a determination in accordance herewith.

MANGANO, J. P., BROWN and SULLIVAN, JJ., concur.

Ordered that the appeals from the order entered April 6, 1987 and the order dated September 28, 1987, are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment dated September 28, 1987, is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a determination in accordance herewith.