■ CONGREGATION ZEMACH DAVID OF NEW SQUARE et al., Respondents, v COUNTY OF ROCKLAND, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. EAST RAMAPO SCHOOL DISTRICT, Third-Party Defendant-Appellant.—Kane, J. P. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from a judgment of the Supreme Court (Bergerman, J.), entered June 15, 1989 in Rockland County, which, *inter alia,* granted plaintiffs' motion for summary judgment and declared plaintiff Yeshiva of New Square and Talmud Torah the owner of certain property located in Rockland County, and (2) from an order of said court, entered August 31, 1989 in Rockland County, which, *inter alia,* denied the motion of third-party defendant to resettle the judgment.

Plaintiffs, Congregation Zemach David of New Square (hereinafter Zemach David) and Yeshiva of New Square and Talmud Torah (hereinafter Yeshiva), are religious corporations owning adjoining parcels of real property located in the Village of New Square, in defendant Town of Ramapo and defendant Rockland County. In April 1983, as a result of Zemach David's failure to pay real estate taxes on its parcel in 1979, the County Treasurer deeded it to the county. Zemach David subsequently paid the back taxes to redeem its property in July 1983. The county, however, failed to deed the parcel back to Zemach David and, accordingly, remained the legal title holder to the property, although Zemach David continued to occupy it. In 1986, apparently because it was the legal owner of the property, the county began paying taxes levied on it by, among others, the East Ramapo School District (hereinafter the School District). The county subsequently sought reimbursement of the tax payments from plaintiffs, prompting this lawsuit. In their complaint, plaintiffs sought, *inter alia,* a judgment declaring that Zemach David was the owner of the property since 1981, that the property was exempt from real estate taxes since 1981, and granting plaintiffs and the county a refund of all State, county, town and school taxes levied against the property since 1981. Supreme Court granted plaintiffs summary judgment and declared, *inter alia,* that Yeshiva\* was the legal owner of the property, nunc pro tunc, as of May 1, 1984 and that plaintiffs or any other parties who had paid real estate taxes on the property were entitled to a refund with respect to, *inter alia,* school taxes levied for 1984 through 1988. The School District, which was a third-party in the action, now appeals that judgment, as well as Supreme Court's order denying resettlement thereof.

The School District's appeal, as limited by its brief, is directed at that part of Supreme Court's judgment that declared the property retroactively exempt from school taxes and ordered a refund to the county of its 1984 through 1988 school tax payments. The uncontroverted facts demonstrate that the county, by acquiring the tax deed, became the legal owner and title holder of the property during the taxable years at issue herein. As such, the county was statutorily

---

\* Although plaintiffs in their motion for summary judgment requested a declaration that Zemach David be declared the legal owner of the property and Supreme Court in its decision stated as such, the court's judgment actually declared Yeshiva to be the owner of the premises. However, plaintiffs do not argue that this was error on the court's part.

obligated to pay applicable school taxes *(see,* RPTL 406 [5]). The county argues, however, that its obligation to pay school taxes is contingent upon its acquisition of the property by a valid tax deed and that Supreme Court's declaration that the property was tax exempt, nunc pro tunc, retroactively prevented the county from acquiring the property pursuant thereto. "[A]n order *nunc pro tunc* may not serve to record a fact * * * as of a prior date when the fact did not then exist" *(Mohrmann v Kob,* 291 NY 181, 186). "The facts must exist, and * * * no order can be properly made changing them so as to take the place of an act that was required to be previously performed" *(Guarantee Trust & Safe Deposit Co. v Philadelphia, Reading & New England R. R. Co.,* 160 NY 1, 7).

Supreme Court's order granting the retroactive tax exemption resulted from its conclusion that "[a]t all times the plaintiff has been a religious corporation which has used the property exclusively for its religious and educational purposes". However true this may be, plaintiffs did not possess legal title to the property and Supreme Court abused its discretion in ordering that they be given same, nunc pro tunc. The lien on the property for unpaid taxes ripened into a valid tax deed held by the county, and its failure to deed the property to plaintiffs upon redemption negated plaintiffs' assertion of a real property tax exemption. Consequently, as legal title holder, the county was responsible for the school taxes *(see,* RPTL 406 [5]; *Young Israel v City of New York,* 33 AD2d 561). Accordingly, and in view of the School District's brief on appeal, our judgment reflects the limited relief sought by the School District of reversal of the judgment directing a refund of the school taxes paid by the county.

Judgment and order modified, on the law, without costs, by denying plaintiffs' motion for summary judgment directing the East Ramapo School District to refund the school taxes paid by the County of Rockland, and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.