■ DEVON S. CAMPBELL, as Administrator C.T.A. of the Estate of SYBERT CAMPBELL, Deceased, Respondent, v MINTA SMITH, Individually and as Administrator of the Estate of HUGH SMITH, Deceased, et al., Appellants. [747 NYS2d 18]

Plaintiff Devon Campbell, the administrator of Sybert Campbell's estate, brought this action to foreclose on a $110,000 wraparound mortgage executed by Minta and Hugh Smith to Sybert Campbell for the purchase of a residential building at 756 South Oak Drive, Bronx, New York. In July 1996, plaintiff filed a notice of pendency against the property, and commenced a foreclosure action against Minta Smith, alleging that she owed $101,640.57 plus interest since September 13, 1990. This action did not proceed to judgment.

In November 1999, after the 1996 notice of pendency had expired, plaintiff filed a second notice of pendency regarding the same property. He instituted a complaint seeking to collect

on the alleged debt, averring, in paragraph 15 of the complaint, that there were no pending proceedings at law or otherwise to collect or enforce the note and mortgage, and that there was no other action pending which had been brought to recover the mortgage debt or any part thereof.

On April 26, 2000, plaintiff moved for summary judgment, and for an order appointing a referee to determine the amount due on the mortgage. Defendant Minta Smith cross-moved for summary judgment and to cancel the notice of pendency, arguing, in pertinent part, that plaintiff's 1996 action constituted a prior action pending for the same relief. The IAS court granted plaintiff's motion and denied Minta's cross motion. We reverse.

The notice of pendency is a provisional remedy which allows a plaintiff claiming an interest in real property to file a paper "warning all comers that if they then buy the realty or lend on the strength of it or otherwise rely on the defendant's right, they do so subject to whatever the action may establish as to plaintiff's right" (Siegel, NY Prac § 334, at 509 [3d ed]). CPLR 6513, entitled Duration of notice of pendency, provides: "A notice of pendency shall be effective for a period of three years from the date of filing. Before expiration of a period or extended period, the court, upon motion of the plaintiff and upon such notice as it may require, for good cause shown, may grant an extension for a like additional period. An extension order shall be filed, recorded and indexed before expiration of the prior period." Because a notice of pendency has a powerful effect upon the alienability of real property, courts require exacting adherence to the procedural requirements set forth in article 65 of the CPLR (*Matter of Sakow*, 97 NY2d 436, 441; *5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 320).

Because plaintiff allowed the 1996 notice of pendency to expire, his effort to file a new notice of pendency concerning the same property in 1999 was a nullity (*see Sakow*, 97 NY2d at 441). Moreover, as the filing of a lis pendens is a requisite to the entry of a final judgment in a mortgage foreclosure action, we grant defendants' motion for summary judgment dismissing the instant complaint (RPAPL 1331; *see also Slutsky v Blooming Grove Inn*, 147 AD2d 208, 212-213; *Isaias v Fischoff*, 37 AD2d 934). Concur—Williams, P.J., Tom, Mazzarelli, Ellerin and Marlow, JJ.