OPINION OF THE COURT
Thomas P. Phelan, J.
Plaintiffs unopposed motion for summary judgment of foreclosure, appointment of a referee to compute, extension of a notice of pendency and other related relief is denied as to extension of the lis pendens and is granted in all other respects.
*223 With the exception of a basis for extension of the lis pendens, plaintiff has provided uncontroverted evidence of its entitlement to the relief sought.
Regarding the lis pendens, counsel for plaintiff affirms that it was filed on March 31, 1997 and concedes that it is expired. Pursuant to CPLR 6513 a notice of pendency expires after three years and “[a]n extension order shall be filed, recorded and indexed before expiration of the prior period” (emphasis added). Moreover, while plaintiff does not even attempt to extend the notice of pendency nunc pro tunc, such an attempt would nevertheless be unsuccessful (see, Matter of Sakow, 97 NY2d 436; Gallo Bros. Constr. v Peccolo, 281 AD2d 811; Robbins v Goldstein, 32 AD2d 1047).
It has been held that in a mortgage foreclosure action brought pursuant to RPAPL article 13, a notice of pendency must be filed at least 20 days before entry of final judgment and the failure to comply precludes entry of final judgment (Slusky v Blooming Grove Inn, 147 AD2d 208). It has also been held that an expired or cancelled notice of pendency may not be refiled on the same cause of action since to allow refiling “renders the time limited in CPLR 6513 useless and undercuts an important incentive for diligent practice” (Matter of Sakow, supra at 443).
Most recently, the First Department has held that the combination of these two holdings mandates awarding summary judgment dismissing a foreclosure action where the notice of pendency had been allowed to expire (see, Campbell v Smith, 297 AD2d 502).
However, the Second Department in Slusky v Blooming Grove Inn (supra at 213), specifically found that “while vacatur of a notice [of pendency] precludes future refiling for the purposes of CPLR article 65, successive notices may be filed for purposes of prosecuting to final judgment a foreclosure action (see, Robbins v Goldstein, [36 AD2d 730]; see also, Isaias v Fischoff, [37 AD2d 934]).” Notably, Matter of Sakow was not a foreclosure proceeding and Slusky v Blooming Grove Inn was cited with approval in Matter of Sakow.
As it appears the Second Department would not follow the First Department’s holding in Campbell v Smith, this court is not constrained to deny the award of an order of reference. Plaintiff must however refile a notice of pendency at least 20 days prior to entry of final judgment and shall so represent to the court upon any application for such judgment.
Consistent with the foregoing, the court has, simultaneously herewith, executed the proposed order submitted with plain *224 tiffs moving papers after modifying said order to deny extension of the expired notice of pendency.