*431 OPINION OF THE COURT
David Demarest, J.
This lawsuit involves a construction subcontract between plaintiff (MCK) and defendant Gilbane Building Company (Gil-bane) completed on defendant St. Lawrence University’s (SLU) property. MCK filed a mechanic’s lien on March 17, 1999 and six months later, on September 29, 1999, commenced this action by filing a summons, complaint and lis pendens. No labor and material payment bond was posted, and thus, it is argued the mechanic’s lien is the only security for the fifth cause of action, lien foreclosure. This motion is necessitated by MCK’s counsel’s failure to timely seek extension of the notice of pendency’s duration. MCK requests an order, pursuant to CPLR 2004 and 6513, extending the duration of its now-lapsed notice of pendency nunc pro tunc from September 29, 2002 to September 29, 2005, citing law office failure. SLU opposes the motion and cross-moves, seeking dismissal of MCK’s lien foreclosure claim.
The Court of Appeals recent ruling in Matter of Sakow (97 NY2d 436 [2002]) holds that “[fjiling another notice of pendency after the previous notice has expired or been cancelled renders the time limit in CPLR 6513 useless and undercuts an important incentive for diligent practice * * * an expired or cancelled notice of pendency may not be refiled on the same cause of action or claim.” (Id. at 443.) It is important to note, however, that in Sakow the notice of pendency was filed in connection with a dispute amongst heirs and involved a compulsory accounting procedure, alleging fraud, breach of fiduciary duty and unjust enrichment. That being said, the notice of pendency was being utilized as a “provisional remedy authorized by the Legislature £evolv[ing] from the common-law doctrine of lis pendens.’ ” (Sakow at 440, citing 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 318 [1984].) “If properly filed pursuant to CPLR article 65, a notice of pendency is a powerful tool for a plaintiff (see, 5303 Realty Corp. v O & Y Equity Corp., supra).” (Slutsky v Blooming Grove Inn, 147 AD2d 208, 212 [2d Dept 1989].) The effect of the filing was to put the “world on notice of the plaintiffs potential rights in the action and [to warn] all comers that if they then buy the realty or lend on the strength of it or otherwise rely on the defendant’s right, they do so subject to whatever the action may establish as the plaintiffs right.” (Sakow at 440 [internal quotation marks omitted], citing Siegel, NY Prac § 334, at 509 [3d ed]; CPLR 6501.)
In this case, however, the notice of pendency is a requirement “in effect an element of the plaintiffs cause of action (see *432 Robbins v Goldstein, 36 AD2d 730 [1971]; see also, Isaias v Fisohoff, 37 AD2d 934 [1971]). Failure to comply with the filing requirement precludes entry of final judgment * * * successive notices may be filed for purposes of prosecuting to final judgment a foreclosure action.” (Slutsky v Blooming Grove Inn, 147 AD2d 208, 212-213 [2d Dept 1989].) To be sure, RPAPL 1331 requires the filing of a lis pendens at least 20 days prior to a final judgment. Lien Law § 43 specifies that the “provisions of the real property actions and proceedings law relating to actions for foreclosure of a mortgage upon real property, and the sale and the distribution of the proceeds thereof apply to actions in a court of record, to enforce mechanics’ liens on real property * * To the extent Sakow cites to Slutsky with approval for the general proposition that successive filings are not permitted after cancellation, it did not have the occasion to address the uniqueness of a foreclosure scenario. This court, therefore, does not find Sakow dispositive of the issue presented here.
Due to law office failure, plaintiffs counsel failed to timely make her application prior to the September 29, 2002 expiration of the lis pendens. (CPLR 6513.) Upon discovery, this motion was made for a nunc pro tunc order, citing to CPLR 2004 permitting extension of time as fixed by statute. In support, counsel also cites to the Third Department’s decision in Gallo Bros. Constr. v Peccolo (281 AD2d 811 [3d Dept 2001]), wherein the Court implicitly acknowledged Supreme Court’s power to, for good cause shown, extend time to move for an extension of an expired lis pendens pursuant to CPLR 2004. Noteworthy is that SLU’s counsel argues prejudice in the form of delay and accounting practices, but does not allege the existence of any intervening claims during this time period.
MCK’s counsel represents that she “intends to file a note of issue soon” and that although SLU participated in the discovery process, there has been little or no activity on its part since. On the other hand, MCK stands to lose its only security for the claim if the extension is not granted. It is averred that MCK learned during the discovery process that SLU paid funds to Gilbane which exceeded MCK’s lien amount following the date MCK filed its lien. Plaintiff has diligently prosecuted this action (and the defense of related appeals) and granting plaintiff’s relief would not unduly delay this lawsuit. Similarly, SLU’s argument that it suffers accounting prejudice since it must report the MCK claim to outside auditors fails to, *433 similarly, credit the SLU-Gilbane contractual provisions addressing uninsured losses, expenses or damages.
For the foregoing reasons, MCK’s motion is granted and SLU’s cross motion is denied, and it is hereby ordered that MCK’s notice of pendency, originally filed on September 29, 1999, is extended nunc pro tunc from September 29, 2002 for a period of three years until September 29, 2005.