█ MERCHANTS BANK OF NEW YORK, Respondent, v JOSHUA ROSENBERG et al., Defendants, and ESTHER ROSENBERG et al., Appellants. [818 NYS2d 565]—

In an action to set aside alleged fraudulent conveyances of

certain real property, Esther Rosenberg and Necha Rosenberg appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated May 12, 2005, as denied their motion to cancel a notice of pendency filed by the plaintiff, granted the plaintiff's cross motion for leave to amend the complaint to add them as party defendants, and deemed them served with the verified complaint nunc pro tunc.

Ordered that the order is modified, on the law, by deleting the provision thereof deeming the appellants served with the verified complaint nunc pro tunc; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

Contrary to the appellants' contention, the Supreme Court properly denied their motion to cancel the notice of pendency filed against the subject properties in this action. While the appellant Necha Rosenberg was not timely served with the summons and complaint pursuant to CPLR 6512, it is undisputed that her husband, the defendant Israel Rosenberg, who owns one of the properties with her as a tenant by the entirety, was timely served under that statute. Accordingly, the service upon Israel, who has an ownership interest in that property, was sufficient to preserve the notice of pendency (see generally Weiner v MKVII-Westchester, 292 AD2d 597, 600 [2002]; Slutsky v Blooming Grove Inn, 147 AD2d 208, 212 [1989]; Schwartz v Certified Mgt. Corp., 78 AD2d 823 [1980]; Micheli Contr. Corp. v Fairwood Assoc., 73 AD2d 774 [1979]; Jungreis v Wickham, 40 AD2d 1016 [1972]).

Moreover, while the appellant Esther Rosenberg is the sole record owner of the other property which is the subject of this appeal, the plaintiff has alleged that the property was fraudulently conveyed to her by her husband, the defendant Joshua Rosenberg, in an attempt to frustrate the plaintiff's rights. Therefore, the timely service of the summons and complaint upon Joshua as the actual or equitable owner of the premises was adequate to preclude the cancellation of the notice of pendency with respect to that property (see Baer v Schwartz, 14 AD2d 539 [1961]). In this regard, the appellants' reliance upon Rabinowitz v Larkfield Bldg. Corp. (231 AD2d 703 [1996]) is misplaced, since neither defendant with an ownership interest in the property was served in that action.

The Supreme Court providently exercised its discretion in granting the plaintiff's cross motion for leave to amend the complaint to add the appellants as party defendants (see CPLR 1003, 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957 [1983]; Nissenbaum v Ferazzoli, 171 AD2d 654 [1991]). However, the court erred in deeming the verified

complaint to have been served upon the appellants nunc pro tunc (*see Davis v Davis,* 75 AD2d 861 [1980], *affd* 52 NY2d 850 [1981]; *Mohrmann v Kob,* 291 NY 181 [1943]; *Congregation Zemach David of New Sq. v County of Rockland,* 163 AD2d 668 [1990]), and it is the plaintiff's obligation to make proper service upon the appellants. Miller, J.P., Schmidt, Mastro and Lunn, JJ., concur.