In an action, inter alia, to impose a constructive trust on certain real property, the defendants Jay Sorid and Susan Sorid appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated July 13, 2007, as denied those branches of their motion which were to cancel a notice of pendency pursuant to CPLR 6514 (a) and for an award of costs pursuant to CPLR 6514 (c).
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action seeking, inter alia, to impose a constructive trust in her favor on certain real property formerly owned by her. She filed a notice of pendency on the property on April 12, 2007. On or about May 1, 2007 the defendant Harvey Sorid was served with four copies of the summons and complaint at the business office of all of the defendants. On May 4, 2007 the plaintiff mailed two copies of the summons and complaint to the business office, addressed to each of the defendants Jay Sorid and Susan Sorid (hereinafter together the appellants). The envelopes were marked “privileged + confidential.”
*418 The appellants moved, inter alia, pursuant to CPLR 6514 (a) to cancel the notice of pendency and pursuant to CPLR 6514 (c) for an award of costs, arguing that Harvey Sorid did not have an ownership interest in the premises and that service was not properly effectuated upon either of them within the 30-day time limit of CPLR 6512. The appellants did not challenge personal jurisdiction as it was undisputed that service was effectuated upon them in June 2007. The plaintiff opposed the motion, arguing that Harvey Sorid had an equitable interest in the property and therefore service upon him was sufficient to avoid cancellation of the notice of pendency, and that, in any event, service had been effectuated on the appellants pursuant to CPLR 308 (2) within the statutory time period. In the order appealed from, the Supreme Court, inter alia, denied those branches of the appellants’ motion which were pursuant to CPLR 6514 (a) to cancel the notice of pendency and pursuant to CPLR 6514 (c) for an award of costs. We affirm the order insofar as appealed from.
CPLR 6514 (a) provides for mandatory cancellation of a notice of pendency if service of a summons has not been completed within the time period set forth in CPLR 6512, which is 30 days after filing of the notice of pendency. In multi-defendant cases, service is sufficient for purposes of CPLR 6514 (a) if it is timely made on any one defendant with an ownership interest in the subject property (see Merchants Bank of N.Y. v Rosenberg, 31 AD3d 507 [2006]; Weiner v MKVII-Westchester, 292 AD2d 597 [2002]; Rabinowitz v Larkfield Bldg. Corp., 231 AD2d 703 [1996]; Slutsky v Blooming Grove Inn, 147 AD2d 208, 212 [1989]).
Contrary to the plaintiffs contention, the defendant Harvey Sorid did not have an ownership interest in the subject property (cf. Merchants Bank of N.Y. v Rosenberg, 31 AD3d 507 [2006]). Accordingly, service upon him was insufficient to meet the requirements of the statute.
However, for the purposes of CPLR 6514, service upon the appellants was timely effectuated pursuant to CPLR 308 (2). While the envelopes mailed to their business office erroneously bore the legend “privileged + confidential” instead of “personal and confidential,” under the circumstances of this case, where the defect does not implicate personal jurisdiction and no prejudice resulted from the mislabeling, the defect was properly disregarded pursuant to CPLR 2001 (see Patrician Plastic Corp. v Bernadel Realty Corp., 25 NY2d 599, 608 [1970]; Matter of Perez v Villamil, 19 AD3d 501 [2005]; Federal Home Loan Mtge. Corp. v Torres, 238 AD2d 306, 307 [1997]). Florio, J.P., Angiolillo, McCarthy and Chambers, JJ, concur.