■ In the Matter of THE PEOPLE OF THE STATE OF NEW YORK, by ANDREW M. CUOMO, as Attorney General of the State of New York, Appellant, v UNITED RIDE, INC., et al., Respondents. [869 NYS2d 190]—

676

Beginning in 2004, James DeRosario and Debra DeRosario solicited and collected charitable contributions in connection with three separate motorcycle rides they organized to benefit various charitable causes. The motorcycle rides were conducted on September 11, 2004, May 1, 2005, and September 11, 2005. On September 19, 2005, United Ride, Inc., a not-for-profit corporation of which James DeRosario and Debra DeRosario are officers, first registered as a charitable organization with the Attorney General pursuant to Executive Law article 7-A and EPTL 8-1.4.

By notice of petition and verified petition dated April 23, 2007, the Attorney General commenced this proceeding against United Ride, Inc., James DeRosario, and Debra DeRosario, individually, and as officers of United Ride, Inc. (hereinafter collectively the respondents), alleging, inter alia, violations of Executive Law article 7-A, and seeking injunctive relief and restitution of, among other things, funds maintained in a bank account at Mahopac Savings Bank for the account of an entity identified as United We Ride. Specifically, the petition alleged that the respondents engaged in fraudulent, deceptive, and illegal practices in the connection with the solicitation and distribution of charitable funds in violation of Executive Law § 172 (1) and § 172-d (2), (4) and (10).

Upon the pleadings submitted, the Supreme Court deemed United Ride, Inc., to have been registered with the Attorney General nunc pro tunc, thus rendering its charitable solicitations legal. The Supreme Court summarily denied the petition and, in effect, dismissed the proceeding, but nonetheless directed the respondents to obtain an attorney and an accoun-

tant to review their programs, distribute the funds remaining in the United We Ride bank account at Mahopac Savings Bank, and amend the by-laws of United Ride, Inc., to provide for the election of at least five directors and the scheduling of annual meetings. We reverse.

Contrary to the Supreme Court's determination, the petitioner established its entitlement to summary determination of this proceeding on the three causes of action alleged in the petition (*see* CPLR 409 [b]; *Matter of Chicago Tit. Ins. Co. v Pascale,* 31 AD3d 635 [2006]). As to the first cause of action, the evidence demonstrated that the respondents violated Executive Law § 172 (1) since United Ride, Inc., was not registered with the Attorney General prior to any charitable solicitation and Executive Law § 172-d (10) since the respondents engaged in charitable solicitations or other fund raising without being registered as a charitable organization. As to the second cause of action, the evidence established that the respondents violated Executive Law § 172-d (4) by failing to apply the charitable contributions received by them in a manner "substantially consistent with the solicitation[s]." With respect to the third cause of action, the evidence demonstrated that the respondents violated Executive Law § 172-d (2) by conducting an illegal raffle in connection with their charitable solicitations (*see* General Municipal Law § 190-a [1]).

The Supreme Court erred in deeming United Ride, Inc., to be registered nunc pro tunc in order to uphold the legality of the respondents' conduct (*see Davis v Davis,* 75 AD2d 861 [1980], *affd* 52 NY2d 850 [1981]; *see also Merchants Bank of N.Y. v Rosenberg,* 31 AD3d 507, 508-509 [2006]; *Congregation Zemach David of New Sq. v County of Rockland,* 163 AD2d 668 [1990]).

Therefore, the Supreme Court should have granted those branches of the petition which were for injunctive relief and to direct the respondents to turn over, to the Attorney General, the funds maintained in the United We Ride bank account at Mahopac Savings Bank. The court should have directed the Attorney General to redistribute the funds to appropriate charitable recipients. In addition, the Supreme Court should have granted that branch of the petition which was to direct the DeRosarios to make restitution of all payments they made to themselves from the charitable solicitations, and of any property in their possession which was purchased with funds accruing from those solicitations. Spolzino, J.P., Carni, Eng and Leventhal, JJ., concur.