■ NYCTL 1999-1 Trust et al., Respondents, v Charles Chalom et al., Defendants, and City of New York et al., Respondents. Far Rockaway Church of the Nazarene, Inc., Nonparty Appellant; Queens Community Realty Inc., Nonparty Respondent. [851 NYS2d 211]—

In an action to foreclose on a real property tax lien, the Far Rockaway Church of the Nazarene, Inc., appeals from so much of an order of the Supreme Court, Queens County (Kelly, J.), entered June 16, 2006, as, upon reargument, adhered to its original determination in an order of the same court dated January 18, 2006, denying those branches of its motion which were to vacate a judgment of foreclosure and sale of the same court entered November 25, 2003, and for leave to intervene in the action.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, upon reargument, so much of the order dated January 18, 2006, as denied those branches of the motion of the Far Rockaway Church of the Nazarene, Inc., which were to vacate the judgment of foreclosure and sale entered November 25, 2003, and for leave to intervene in the action is vacated, those branches of the motion are granted, and the judgment of foreclosure and sale is vacated; and it is further,

Ordered that the Far Rockaway Church of the Nazarene, Inc., shall serve its answer within 30 days of service upon it of a copy of this decision and order.

The only notice of pendency filed in this matter was invalid. It was filed, along with the summons and complaint, on March 27, 2003. However, the summons and complaint were not served upon the defendant Charles Chalom, the purported owner of the subject property, within 30 days thereof as required by CPLR 6512. Accordingly, there was no valid notice of pendency filed at least 20 days prior to the entry of the final judgment in this matter, and thus the judgment should have been vacated (*see Slutsky v Blooming Grove Inn,* 147 AD2d 208, 212-213 [1989]; *see also Weiner v MKVII-Westchester,* 292 AD2d 597, 598-600 [2002]; *cf. Merchants Bank of N.Y. v Rosenberg,* 31 AD3d 507, 508 [2006]). We note that a prior mortgagee, the defendant National Westminster Bank, USA, had no interest in the property at the time this action was commenced, as its prior mortgage thereon was satisfied on January 13, 1999.

The Far Rockaway Church of the Nazarene, Inc. (hereinafter the Church), demonstrated that it may have an ownership interest in the property which would entitle it to intervene in this matter (*see* CPLR 1012 [a] [2], [3]). Accordingly, the Church is granted leave to intervene in the action. Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.