OPINION OF THE COURT
Francois A. Rivera, J.
Order to show cause of nonparties* WE 211 Jefferson LLC, WESJW Holdings LLC and Weman Holdings LLC (hereinafter the movants), filed on October 22, 2014, under motion sequence number two for an order pursuant to CPLR 6514 cancelling the notice of pendency filed by plaintiff Right Choice Holding, Inc. (hereinafter RCHI) in connection with the instant action.
Background
By the instant motion the movants jointly seek, among other things, an order cancelling the notice of pendency pursuant to CPLR 6514 (a) on the basis that RCHI did not properly serve them or 199 Street LLC in accordance with the requirements of CPLR 6512.
On April 9,2014, RCHI commenced the instant action by filing a summons, verified complaint and notice of pendency (hereinafter the commencement papers) with the Kings County Clerk’s Office (hereinafter KCCO). The complaint alleges 19 allegations of fact in support of two causes of action, namely, breach of contract and specific performance. It further alleges the following salient facts. In September of 2013, defendant *229 199 Street LLC (hereinafter the defendant or seller), a domestic limited liability corporation, entered into a contract to sell certain real property that it owns known as 211 Jefferson Avenue, Brooklyn, New York, block 01820, lot 0080 to RCHI. In accordance with the contract of sale, RCHI, a domestic limited liability corporation, tendered to the seller’s attorney a deposit of $5,000 representing a down payment required on the contract. RCHI is ready, willing and able to close on the contract but the seller has refused to go forward in violation of the contract.
199 Street LLC has not answered the complaint or appeared in the action.
Law and Application
CPLR 6514 (a) provides as follows:
“Mandatory cancellation. The court, upon motion of any person aggrieved and upon such notice as it may require, shall direct any county clerk to cancel a notice of pendency, if service of a summons has not been completed within the time limited by section 6512; or if the action has been settled, discontinued or abated; or if the time to appeal from a final judgment against the plaintiff has expired; or if enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 5519.”
CPLR 6512 provides in pertinent part as follows: “A notice of pendency is effective only if, within thirty days after filing, a summons is served upon the defendant or first publication of the summons against the defendant is made pursuant to an order and publication is subsequently completed.”
CPLR 311-a provides for personal service on limited liability companies as follows:
“(a) Service of process on any domestic or foreign limited liability company shall be made by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the *230 limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant. Service of process upon a limited liability company may also be made pursuant to article three of the limited liability company law.”
“The Court of Appeals has characterized the notice of pendency as an ‘extraordinary privilege’ because of the ease with which it can be used and ‘the powerful effect’ it has on the alienability of property without any prior judicial review. In Re Sakow, [97 NY2d 436, 441 (2002)]. Thus, ‘to counterbalance the ease with which a party may hinder another’s right to transfer property,’ the Court has insisted upon strict compliance with the procedural requirements of CPLR Article 65” (see Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 6501 at 464 [Notice of pendency]).
“CPLR 6511 (a) permits the filing of a notice of pendency before or after the service of process. When the filing of a notice of pendency occurs prior to service of process, CPLR 6512 requires that the service be made no later than 30 days from the filing of the notice of pendency. This helps provide relatively prompt notice to the defendant that a claim has been made against his property, even though he may not yet be aware that a notice of pendency has been filed” (see Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 6512 at 504 [Service of summons]).
The movants have annexed as exhibit G to their motion papers a printout from the New York Department of State, Division of Corporations, State Records & UCC reflecting that 199 Street LLC is a registered domestic limited liability company. Moreover, RCHI has alleged in the second paragraph of its verified complaint that defendant 199 Street LLC is a domestic limited liability company organized under the laws of the State of New York.
As a domestic limited liability company, 199 Street LLC may be served process pursuant to CPLR 311-a or pursuant to article III of the Limited Liability Company Law. CPLR 311-a permits service of process by service upon an individual member or upon a manager of the LLC, or upon a person au *231 thorized by appointment to receive process, or upon an agent registered with the New York State Department, Secretary of State. Article III of the Limited Liability Company Law permits service of process by service upon the Secretary of State or upon a designated registered agent.
A plaintiff who attempts to effectuate personal service on a domestic limited liability company through service on an individual possessing the aforementioned specific status must serve the specific status individual in accordance with CPLR 308.
By filing the notice of pendency at the same time that it commenced the action, RCHI was required to serve the notice of pendency on 199 Street LLC by no later than May 9, 2014, 30 days from April 9, 2014. The movants annexed as exhibit E to their motion papers a copy of the affidavit of service filed by RCHI with the KCCO. That affidavit was signed by Olexa Capili (hereinafter Capili) before a notary public and filed with the KCCO on June 13, 2014. Capili averred that she, a licensed process server, personally served 199 Street LLC with the commencement papers on May 5, 2014 at 9:10 p.m. by personally delivering them to Jane Doe (refused name), a person of suitable age and discretion, at her dwelling house at 204 Centereach, NY 11720. Ms. Capili further averred that she mailed the commencement papers to 199 Street LLC that same day by first-class mail in an envelope marked personal and confidential and addressed to the same address.
The movants contend that 204 Centereach, NY, the purported address where service was mailed and delivered to Jane Doe, is invalid because it does not contain a street name. The court takes note that Ms. Capili used “Jane Doe” as a fictitious name because the individual to whom she delivered the commencement papers refused to give her name. The court also notes that Ms. Capili described “Jane Doe” as a person of suitable age and discretion without stating within her affidavit the name of the individual she was seeking to serve.
RCHI’s affidavit of service reflects an attempt to serve 199 Street LLC by service upon an individual, presumably one that fits the specific status requirements of CPLR 311-a or article III of the Limited Liability Company Law, by utilizing CPLR 308 (2).
For the reasons set forth below, the court need not and does not rule upon whether the individual intended to be served, or Jane Doe, the individual who received personal delivery of the commencement papers, falls within the specific status autho *232 rized by the aforementioned statutes. The deliver-and-mail method outlined in CPLR 308 (2) specifies that service is not complete until 10 days post-filing of proof of service (Siegel, NY Prac § 553 at 981 [5th ed 2011]). By utilizing CPLR 308 (2), RCHI did not complete service on 199 Street LLC until June 23, 2014, 10 days after it filed the affidavit of service. As such, RCHI did not serve the notice of pendency within 30 days of its filing contrary to the requirements of CPLR 6512.
CPLR 6514 (a) provides for mandatory cancellation of a notice of pendency if service of a summons has not been completed within the time period set forth in CPLR 6512, which is 30 days after filing of the notice of pendency (Deans v Sorid, 56 AD3d 417 [2d Dept 2008]). In fact, noncompliance with the time limit of CPLR 6512 operates automatically to render the notice of pendency ineffective (NYCTL 1999-1 Trust v Chalom, 47 AD3d 779 [2d Dept 2008]).
By order dated October 10, 2014, RCHI was granted leave to amend its complaint and to add the movants as defendants. In opposition to the instant motion, RCHI presented affidavits of service showing that the movants were served with the supplemental summons, amended complaint and notice of pendency by service upon the Secretary of State. The affidavits of service also reflected that service was effectuated within the time frame directed by order.
These facts beg the question what effect the addition of the movants as new defendants has on RCHI’s ineffective notice of pendency filed against 199 Street LLC. In multi-defendant cases, service is sufficient for purposes of CPLR 6514 (a) if it is timely made on any one defendant with an ownership interest in the subject property (Deans v Sorid, 56 AD3d 417 [2d Dept 2008], citing Merchants Bank of N.Y. v Rosenberg, 31 AD3d 507 [2d Dept 2006]). May RCHI revive the notice of pendency by the addition of the movants as new defendants and by serving the notice of pendency upon any one of them?
It is well settled that a second notice of pendency cannot be filed when a prior notice of pendency for the same property has been canceled for failure to comply with the statutory requirements (Weiner v MKVII-Westchester, 292 AD2d 597, 599 [2d Dept 2002]). In the Weiner case, the Appellate Division, Second Department specifically found that the purchasers could not file a second notice of pendency pertaining to the same property after the first notice was canceled due to the purchasers’ failure to file and serve a summons and complaint within the *233 requisite time period. This was so regardless of the fact that the second action named two additional defendants who were not named in the first action; the second action concerned the same real property and alleged breach of the same purchase agreement. This no second chance rule was codified by adding CPLR 6516 to article 65 in 2005 (L 2005, ch 387, § 2). CPLR 6516 (c) provides that a notice of pendency may not be filed in any action in which a previously filed notice of pendency affecting the same property had been cancelled or vacated or had expired or become ineffective. CPLR 6516 (a) carves an exception for foreclosure actions.
“The statute is a legislative reaction to Matter of Sakow, [97 NY2d 436 (2002)], where the Court of Appeals ruled that a plaintiff may not file successive notices of pendency in the same action, with respect to the same property, after the original notice has expired (see, e.g., CPLR 6513) or has become ineffective (see, e.g., CPLR 6512)” (see Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 6516 at 566 [Successive notices of pendency]).
Accordingly, based on the foregoing the movants’ motion to vacate the notice of pendency pursuant to CPLR 6514 (a) must be granted.

 Although the movants have described themselves as nonparties, the court issued an order on October 10, 2014 granting an unopposed prior motion of RCHI to amend the complaint and to add the movants as parties. RCHI’s opposition papers reflect that the movants were served with the amended complaint within the time frame directed by the court and before the instant motion was made.