■ ARKADY PERELMUTER, as Trustee of the SVOBODA II EJV TRUST, Respondent, v LRM BUILDERS, LLC, Defendant. LEONID DESS et al., Nonparty Appellants. [9 NYS3d 91]—

In an action to foreclose a mortgage, the proposed intervenors Leonid Dess, Yuliya Dess, and Meta Lines, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated August 13, 2013, as denied those branches of their motion which were for leave to intervene in the action pursuant to CPLR 1012 and 1013, and to vacate a judgment of foreclosure and sale of the same court dated January 30, 2013, pursuant to CPLR 5015 (a).

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for leave to intervene in the action and substituting therefor a provision granting that branch of the motion to the extent of granting Leonid Dess and Yuliya Dess leave to intervene in the action, and (2) deleting the provision thereof denying that branch of the motion which was to vacate the judgment of foreclosure and sale dated January 30, 2013, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the nonparty appellants payable by the respondents.

Leonid Dess and Yuliya Dess (hereinafter together the Dess intervenors) demonstrated that on May 19, 2004, they entered into a contract of sale with the defendant LRM Buildings, LLC (hereinafter LRM), to purchase the real property which is the subject of this mortgage foreclosure action. They further demonstrated that on May 17, 2012, they were awarded a judgment against LRM for specific performance of that contract. They thus demonstrated that they had an interest in the subject property which may be adversely affected by the judgment of foreclosure and sale in this action. Accordingly, the Dess intervenors demonstrated an interest in the subject property which entitled them to intervene as a matter of right (see CPLR 1012 [a] [3]; Halstead v Dolphy, 70 AD3d 639 [2010]; NYCTL 1999-1 Trust v Chalom, 47 AD3d 779, 780 [2008]; Greenpoint Sav. Bank v McMann Enters., 214 AD2d 647, 647-648 [1995]; see also 112-40 F.L.B. Corp. v Tycoon Collections, Inc., 73 AD3d 719, 721 [2010]; George v Grand Bay Assoc. Enter. Inc., 45 AD3d 451 [2007]).

In contrast, the proposed intervenor Meta Lines, Inc., was not a party to the contract of sale for the subject real property, nor was it granted specific performance of the contract of sale in the judgment dated May 17, 2012. The movants did not submit any other evidence tending to establish that Meta Lines, Inc., has a real or substantial interest in the property or

any interest in the outcome of the foreclosure action. Therefore, the motion for leave to intervene was properly denied with respect to it.

The respondent's remaining contentions are without merit.

Accordingly, the Dess intervenors should have been granted leave to intervene in the action, and the judgment of foreclosure and sale dated January 30, 2013, should have been vacated (see NYCTL 1999-1 Trust v Chalom, 47 AD3d at 780; Greenpoint Sav. Bank v McMann Enters., 214 AD2d at 647-648). Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.