■ LINTON BROWN, Appellant, v GLENISHA C. BROWN, Defendant. (Action No. 1.) A.O.A. MANAGEMENT, LLC, Respondent, v GLENISHA BROWN, as Nominee, Defendant, and LINTON BROWN, Appellant. (Action No. 2.) (And Another Title.) [25 NYS3d 316]—

In related actions, inter alia, to impose a constructive trust and for specific performance of an option to purchase certain real property, Linton Brown, the plaintiff in action No. 1 and a defendant in action No. 2, appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Sweeney, J.), dated August 29, 2013, which, among other things, granted those branches of the motion of A.O.A. Management, LLC, the plaintiff in action No. 2, which were for leave to intervene in action No. 1 as a defendant and, in effect, to vacate an order of the same court dated April 2, 2012, and denied that branch of his cross motion which was pursuant to CPLR 3211 (a) to dismiss the complaint in action No. 2 insofar as asserted against him.

Ordered that the order dated August 29, 2013, is affirmed insofar as appealed from, with costs.

In September 2005, Linton Brown executed a durable power of attorney naming his daughter Glenisha Brown as his attorney-in-fact as to certain matters. In October 2005, Glenisha, acting in her capacity as Linton's attorney-in-fact, conveyed certain real property owned by Linton to herself. In 2007, Glenisha, "as Nominee," entered into a lease agreement with A.O.A. Management, LLC (hereinafter AOA), which lease provided AOA with an option to purchase the property.

In 2011, Linton commenced action No. 1 against Glenisha seeking, among other things, to impose a constructive trust on

the property. In an order dated January 23, 2012, the Supreme Court granted Linton's motion for leave to enter a default judgment against Glenisha. In an order dated April 2, 2012, the Supreme Court, inter alia, directed the Sheriff of Kings County to convey the property to Linton. In June 2012, AOA commenced action No. 2 against Linton and Glenisha seeking, among other things, specific performance of its option to purchase the property. In January 2013, AOA moved, inter alia, for leave to intervene in action No. 1 as a defendant and, in effect, to vacate the order dated April 2, 2012. Linton cross-moved, among other things, pursuant to CPLR 3211 (a) to dismiss the complaint in action No. 2 insofar as asserted against him.

The Supreme Court properly granted that branch of AOA's motion which was for leave to intervene in action No. 1. AOA demonstrated that it had an interest in the subject property that may be affected adversely by the judgment sought (see CPLR 1012 [a] [3]; *Perelmuter v LRM Bldrs., LLC*, 127 AD3d 1154, 1155 [2015]; *112-40 F.L.B. Corp. v Tycoon Collections, Inc.*, 73 AD3d 719, 721 [2010]; *Halstead v Dolphy*, 70 AD3d 639, 639-640 [2010]). Moreover, pursuant to its inherent discretionary power to relieve a party from a judgment or order in the interests of substantial justice, the Supreme Court properly granted that branch of AOA's motion which was, in effect, to vacate the order dated April 2, 2012 (see *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Matter of Ariel G. v Greysy C.*, 133 AD3d 749, 751 [2015]; *Mago v Thakur*, 110 AD3d 683, 685-686 [2013]).

The Supreme Court also properly denied that branch of Linton's cross motion which was pursuant to CPLR 3211 (a) to dismiss the complaint in action No. 2 insofar as asserted against him. The complaint stated a valid cause of action alleging breach of contract, for which AOA may seek specific performance, and Linton failed to submit documentary evidence that utterly refutes AOA's factual allegations, thereby conclusively establishing a defense as a matter of law (see CPLR 3211 [a] [1], [7]; *Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]; *Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1055 [2009]; *R.I. Is. House, LLC v North Town Phase II Houses, Inc.*, 51 AD3d 890, 893-894 [2008]).

Linton's remaining contentions are without merit or not properly before this Court. Dickerson, J.P., Hall, Roman and Duffy, JJ., concur.