US Bank N.A. v Vogel (2019 NY Slip Op 03102)





US Bank N.A. v Vogel


2019 NY Slip Op 03102


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-11849
 (Index No. 33164/09)

[*1]US Bank National Association, etc., appellant,
v
Tzvi Vogel, et al., defendants; Rifky Horowitz, nonparty-respondent.


Hogan Lovells US LLP, New York, NY (Allison J. Schoenthal, Chava Brandriss, and Cameron E. Grant of counsel), for appellant.
Alan J. Waintraub, PLLC, Rego Park, NY, for nonparty-respondent.



DECISION & ORDER
In an action, inter alia, to direct the Office of the City Register of the City of New York to accept for recording a copy of a mortgage encumbering certain real property located in Kings County, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated January 7, 2016. The order, insofar as appealed from, upon, in effect, granting those branches of the plaintiff's motion which were to vacate a prior order of the same court dated June 25, 2014, denying the plaintiff's motion for leave to enter a default judgment based on the plaintiff's failure to appear on the return date of the motion, and to restore the action to the calendar, denied that branch of the plaintiff's motion which was for leave to enter a default judgment, and granted the cross motion of nonparty Rifky Horowitz pursuant to CPLR 1012(a)(3) for leave to intervene in the action and pursuant to CPLR 3211(a) and Real Property Law § 291 to dismiss the complaint.
ORDERED that the order dated January 7, 2016, is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of nonparty Rifky Horowitz which was pursuant to CPLR 3211(a) and Real Property Law § 291 to dismiss the complaint, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action in 2009, seeking, inter alia, to direct the Office of the City Register of the City of New York to accept for recording a copy of a mortgage executed on September 30, 2005, the original of which was not recorded because it allegedly was lost or destroyed, or, in the alternative, for a judicial declaration that the plaintiff holds an equitable mortgage on the subject real property. In 2014, after the defendants failed to appear or answer the complaint, the plaintiff moved, inter alia, for leave to enter a default judgment. However, on the scheduled return date of the motion, the plaintiff failed to appear in court, and the parties agree that the Supreme Court not only denied the motion on June 25, 2014, based on the plaintiff's nonappearance, but also marked the action off the court's calendar. The plaintiff subsequently moved to vacate the order dated June 25, 2014, made upon its default in appearing, to restore the action to the calendar, and for leave to enter a default judgment on the complaint. Nonparty Rifky Horowitz cross-moved, inter alia, pursuant to CPLR 1012(a)(3) for leave to intervene and pursuant [*2]to CPLR 3211(a) and Real Property Law § 291 to dismiss the complaint. In the order appealed from, the court, upon, in effect, granting those branches of the plaintiff's motion which were to vacate the order dated June 25, 2014, and to restore the action to the calendar, denied that branch of the plaintiff's motion which was for leave to enter a default judgment, and granted the cross motion. The plaintiff appeals.
Contrary to Horowitz's contention, we view the Supreme Court as having, in effect, granted those branches of the plaintiff's motion which were to vacate the order dated June 25, 2014, made upon its failure to appear on the return date of the prior motion, and to restore the action to the calendar. Despite the inartful wording of the order appealed from, had the Supreme Court denied those branches of the plaintiff's motion, as Horowitz contends, then it would have had no occasion to reach and decide the remaining branch of the plaintiff's motion or Horowitz's cross motion, which it proceeded to do. Accordingly, we agree with the plaintiff that since the court did reach and decide those other requests for relief, it must necessarily have first granted those branches of the plaintiff's motion which were to vacate the order dated June 25, 2014, and to restore the action to the calendar.
We agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was for leave to enter a default judgment. " On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing'" (First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 864, quoting Glenwood Mason Supply Co., Inc. v Frantellizzi, 138 AD3d 925, 926). "To demonstrate the facts constituting the claim,' the movant need only submit sufficient proof to enable a court to determine if the claim is viable" (Global Liberty Ins. Co. v W. Joseph Gorum, M.D., P.C., 143 AD3d 768, 769). Here, the pleadings and affidavit submitted by the plaintiff, when viewed in conjunction with the erroneously notarized mortgage and the multiple assignments of that mortgage, failed to set forth sufficient facts to warrant the entry of a default judgment at this point in the litigation (see First Franklin Fin. Corp. v Alfau, 157 AD3d at 865).
We also agree with the Supreme Court's determination to grant that branch of Horowitz's cross motion which was for leave to intervene in the action. Any person may intervene as of right "when the action involves the disposition . . . of, or the title . . . to, property and the person may be affected adversely by the judgment" (CPLR 1012[a][3]). Here, despite substantial questions regarding the ultimate bona fides of Horowitz's asserted interest in the subject real property, her submissions on the cross motion were sufficient to set forth an interest and to state the nature of her claim so as to warrant intervention as of right (see Brown v Brown, 136 AD3d 852, 853; Perelmuter v LRM Bldrs., LLC, 127 AD3d 1154, 1155; Global Team Vernon, LLC v Vernon Realty Holding, LLC, 93 AD3d 819, 820).
However, we agree with the plaintiff that the Supreme Court should have denied that branch of Horowitz's cross motion which was pursuant to CPLR 3211(a) and Real Property Law § 291 to dismiss the complaint, since Horowitz failed to satisfy her burden of establishing that she purchased the subject property for valuable consideration and without knowledge of facts that would lead a reasonably prudent purchaser to make inquiry concerning a prior interest or equity in the property (see Real Property Law § 291; see generally Gregg v M & T Bank Corp., 160 AD3d 936, 940; 139 Lefferts, LLC v Melendez, 156 AD3d 666, 666).
The parties' remaining contentions are either without merit or not properly before this Court.
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court