Walsh v Ocwen Loan Servicing, LLC (2023 NY Slip Op 03256)

Walsh v Ocwen Loan Servicing, LLC

2023 NY Slip Op 03256

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-05718
 (Index No. 520846/19)

[*1]Elaine B. Walsh, et al., plaintiffs-respondents,
v
Ocwen Loan Servicing, LLC, et al., defendants- respondents, Yisroel Spira, etc., appellant, et al., defendants.

Yisroel Spira, Brooklyn, NY, appellant pro se.
Hagan Coury & Associates, Brooklyn, NY (Paul Golden of counsel), for plaintiffs-respondents.

DECISION & ORDER
In an action for declaratory and injunctive relief, the defendant Yisroel Spira appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated May 22, 2020. The order granted that branch of the plaintiffs' motion which was for a preliminary injunction enjoining the defendants from transferring or selling the subject shares and proprietary lease to a certain cooperative apartment, and from evicting the plaintiffs from that apartment during the pendency of the action.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and that branch of the plaintiffs' motion which was for a preliminary injunction is denied.
The plaintiffs allegedly defaulted on a loan which was secured by the shares of stock allocated to the cooperative apartment where they resided and their interest in the proprietary lease to that apartment. On January 29, 2019, the defendant Yisroel Spira successfully bid on the shares and proprietary lease to the subject apartment at a nonjudicial foreclosure sale. On July 18, 2019, Spira closed on his purchase of the shares and proprietary lease. Spira commenced a holdover proceeding in the Civil Court, Kings County, to evict the plaintiffs from the apartment.
On September 24, 2019, the plaintiffs commenced this action, contending, inter alia, that the defendant Ocwen Loan Servicing, LLC (hereinafter Ocwen), the alleged assignee of the underlying note, improperly demanded escrow payments for taxes and insurance and that the plaintiffs were not in default under the terms of the loan, and seeking, inter alia, a judgment declaring that the auction and sale of the shares were invalid on the ground that Ocwen failed to provide notice of the nonjudicial sale pursuant to UCC article 9. The plaintiffs moved, inter alia, for a preliminary injunction enjoining any further transfer or sale of the subject shares and proprietary lease and the eviction of the plaintiffs from the apartment during the pendency of the action. In an order dated May 22, 2020, the Supreme Court granted that branch of the plaintiffs' motion which was for a preliminary injunction. Spira appeals.
"To obtain a preliminary injunction, the movant must establish (1) a likelihood of [*2]success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor" (XXXX, L.P. v 363 Prospect Place, LLC, 153 AD3d 588, 590-591; see CPLR 6301). "Although the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123).
Where, as here, a debtor pledges cooperative shares and a corresponding proprietary lease as security for a debt, article 9 of the UCC applies to the enforcement of the security interest (see Matter of Chase v Wells Fargo Bank, N.A., 135 AD3d 751, 753; Fundex Capital Corp. v Reichard, 172 AD2d 420, 421). The plaintiffs failed to establish that the relief they seek, in effect, to vacate the sale of the shares and proprietary lease following the closing, is available under article 9 of the UCC (see UCC 9-617, 9-625; Atlas MF Mezzanine Borrower, LLC v Macquarie Tex. Loan Holder LLC, 174 AD3d 150, 162-163; see also Rapillo v CitiMortgage, Inc., 2018 WL 1175127, *8, 2018 US Dist LEXIS 35491, *21 [ED NY, No. 15CV5976 (KAM) (RML)]; In re Enron Corp., 2005 WL 3873890, *10, 2005 Bankr LEXIS 3469, *31-32 [Bankr SD NY, No. 01-16034 (AJG)]). Instead, under article 9 of the UCC, the plaintiffs' remedy is to seek monetary damages against Ocwen (see UCC 9-625[b]; Atlas MF Mezzanine Borrower, LLC v Macquarie Tex. Loan Holder LLC, 174 AD3d at 163). Thus, the plaintiffs failed to demonstrate a likelihood of success on the merits.
The plaintiffs' remaining contentions are either improperly raised for the first time on appeal and, thus, not properly before this Court (see Deutsche Bank Natl. Trust Co. v Pezzola, 199 AD3d 877, 878-879), or without merit.
Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for a preliminary injunction.
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court