945 E. 105th St. LLC v Estate of Lewis (2024 NY Slip Op 50501(U))

[*1]

945 E. 105th St. LLC v Estate of Lewis

2024 NY Slip Op 50501(U)

Decided on April 2, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 2, 2024
Supreme Court, Kings County

945 East 105th Street LLC, Plaintiff,

against
The Estate of David Lewis AKA THE ESTATE OF DAVID LEWIS JR., Defendant.

Index No. 513099/2023 

Attorney for Plaintiff
Korenblit & Vasserman, PLLC
By: Raquel Vasserman, Esq.
626 Sheepshead Bay Road, Suite 730
Brooklyn, New York 11224
(718) 336-3390
rvasserman&commat;kovalaw.com
Attorney for Defendant
Ernest Wilson, Esq.
111 Court Street, Suite 2L
Brooklyn, New York 11201
(718) 826-3060
ernwil22&commat;hotmail.com

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on order to show cause filed on November 21, 2023, under motion sequence number one, by defendant, the Estate of David Lewis aka The Estate of David Lewis Jr. for an order canceling the Notice of Pendency of the action filed by 945 East 105th Street LLC (hereinafter plaintiff) on May 2, 2023 against Block 01485, Lot 0023, on the ground that service of a summons has not been completed within the time limited by CPLR § 6512. The motion is opposed.
Order to show cause
Emergency affirmation
Affirmation in support
Exhibits A-D
Affidavit of merit
Affirmation in opposition
Exhibits A-C
Affidavit in opposition
BACKGROUND
On May 2, 2023, the plaintiff commenced the instant action by filing a summons, verified complaint, and notice of pendency (hereinafter the commencement papers) with the King's County Clerk's office (KCCO). The verified complaint seeks, among other things, specific performance of a contract of sale for the real property known as known as 1000 Putnam Avenue, Brooklyn, New York (Block 01485 and Lot 0023) (hereinafter the property).
On October 20, 2023, plaintiff filed an affidavit of service of the commencement papers upon the defendant with the KCCO. The affidavit of service alleged service upon the defendant pursuant to CPLR 308 (4). 
By the instant order to show cause, the defendant sought an order canceling the notice of pendency on the basis that the notice of pendency was not filed in compliance with CPLR 6512.
LAW AND APPLICATION
CPLR 6514 (a) provides for mandatory cancellation of a notice of pendency if service of a summons has not been completed within the time set forth in CPLR 6512, which is 30 days after filing of the notice of pendency (Right Choice Holding v 199 Street LLC, 48 Misc 3d 227, 232 [Sup Ct, Mar. 17, 2015] citing Deans v Sorid, 56 AD3d 417 [2d Dept 2008]). In fact, failure to comply with the time limit set forth in CPLR 6512 renders the notice of pendency invalid (see NYCTL 1999-1 Trust v Chalom, 47 AD3d 779 [2d Dept 2008]).
"CPLR 6512 provides, in relevant part, that '[a] notice of pendency is effective only if, within thirty days after filing, a summons is served upon the defendant'" (U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1202, 1203 [2d Dept 2022]). 
On October 20, 2023, plaintiff filed an affidavit of service of the commencement papers upon the defendant. The affidavit demonstrates that the plaintiff attempted service upon the defendant pursuant to CPLR 308 (4). CPLR 308 (4) requires that proof of service must be filed with the clerk of the court within twenty days of affixing or mailing and service shall be complete ten days after such filing.
The plaintiff filed the commencement papers, inclusive of the notice of pendency, on May 2, 2023. The Court did not address whether the plaintiff satisfied the due diligence requirements before using CPLR 308 (4) to effectuate service. Nor did the Court address whether CPLR 308 was properly applied against the named defendant, which is clearly not an individual. Inasmuch as the affidavit of service pursuant to CPLR 308 (4) was filed on October 20, 2023, and service was completed ten days after filing, then service was completed on October 30, 2023 (see CPLR 308 [4]). Thus, the commencement papers, inclusive of the notice of pendency, were not served upon the defendant within thirty days of May 2, 2020, the date that they were filed.
CONCLUSION
The order to show cause by the Estate of David Lewis aka The Estate of David Lewis Jr. for an order canceling the instant notice of pendency on the ground that service of a summons had not been completed within the time limited by CPLR 6512 is granted. 
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.