U.S. Bank N.A. v 18 Wilkshire Circle, LLC (2024 NY Slip Op 06372)

U.S. Bank N.A. v 18 Wilkshire Circle, LLC

2024 NY Slip Op 06372

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-06351
2022-06352
 (Index No. 605074/19)

[*1]U.S. Bank National Association, etc., respondent,
v
18 Wilkshire Circle, LLC, appellant.

Charles Wallshein Esq. PLLC, Melville, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan, Ali Degan, and Jordan J. Manfro of counsel), for respondent.

DECISION & ORDER
In an action to reforeclose a mortgage pursuant to RPAPL 1503, the defendant appeals from (1) an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered July 6, 2022, and (2) an order of the same court entered July 7, 2022. The order entered July 6, 2022, granted the plaintiff's motion for summary judgment on the complaint and to strike the defendant's answer and directed the defendant to notify the plaintiff of its desire to redeem its interest in the subject property within 45 days of the date of service of the order. The order entered July 7, 2022, insofar as appealed from, granted the plaintiff's motion for summary judgment on the complaint and to strike the defendant's answer and denied that branch of the defendant's cross-motion which was for a discovery schedule.
ORDERED that the order entered July 6, 2022, is reversed, on the law, the plaintiff's motion for summary judgment on the complaint and to strike the defendant's answer is denied, and so much of the order entered July 7, 2022, as granted the plaintiff's motion for summary judgment on the complaint and to strike the defendant's answer is vacated; and it is further,
ORDERED that the appeal from so much of the order entered July 7, 2022, as granted the plaintiff's motion for summary judgment on the complaint and to strike the defendant's answer is dismissed as academic in light of our determination on the appeal from the order entered July 6, 2022; and it is further,
ORDERED that the order entered July 7, 2022, is reversed insofar as reviewed, on the law, and that branch of the defendant's cross-motion which was for a discovery schedule is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On January 31, 2008, Etna Rosso (hereinafter the borrower) executed a note in the amount of $1 million in favor of Washington Mutual Bank (hereinafter WaMu). The note was secured by a mortgage on certain real property located in Nassau County.
On February 4, 2010, JPMorgan Chase Bank, NA (hereinafter JPMorgan), WaMu's successor in interest, commenced an action to foreclose the mortgage against the borrower, among others (hereinafter the foreclosure action). The original notice of pendency was filed on February 4, 2010, and expired on February 4, 2013 (see CPLR 6513).
On February 13, 2013, the defendant, 18 Wilkshire Circle, LLC (hereinafter Wilkshire), acquired its interest in the property for the sum of $65,000, by referee's deed pursuant to the foreclosure of a lien on the property for unpaid homeowners association dues. That referee's deed was recorded on February 20, 2013.
A notice of pendency was re-filed in the foreclosure action on June 24, 2013.
On October 27, 2016, the mortgage was assigned to the plaintiff, U.S. Bank National Association (hereinafter US Bank). In an order and judgment of foreclosure and sale entered May 17, 2018, in the foreclosure action, the Supreme Court granted US Bank's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. Subsequent to the foreclosure, the property was sold to US Bank, which received title by referee's deed dated September 1, 2018.
On September 26, 2018, Wilkshire commenced an action pursuant to RPAPL article 15 against US Bank, among others, seeking to declare Wilkshire the lawful owner of the property pursuant to the referee's deed Wilkshire had acquired during the lapse in the notice of pendency in the foreclosure action. In an order entered February 26, 2019, the Supreme Court granted US Bank's motion, inter alia, to dismiss the complaint in that action.
On April 12, 2019, US Bank commenced the instant action against Wilkshire, seeking reforeclosure of its mortgage. Wilkshire interposed an answer in which it asserted, inter alia, an affirmative defense alleging that US Bank "cannot avail itself of a remedy pursuant to RPAPL § 1503 and § 1523 for Reforeclosure because of its willful neglect in its failure to serve [Wilkshire] with notice of the foreclosure action in time to assert its equity of redemption."
Thereafter, US Bank moved for summary judgment on the complaint and to strike Wilkshire's answer. In support of the motion, US Bank submitted an affidavit of Anthony Younger, the assistant secretary of Rushmore Loan Management Services, LLC (hereinafter Rushmore), US Bank's loan servicer and attorney-in-fact. Younger stated that Wilkshire's "interest in the Premises was not discovered until a title search was conducted in [US Bank]'s contemplation of the REO sale of the Premises."
US Bank also submitted the deed dated September 1, 2018, granting US Bank title to the property pursuant to the sale following foreclosure. That deed was recorded on September 20, 2018.
Wilkshire opposed US Bank's motion and cross-moved, inter alia, for a discovery schedule.
In an order entered July 6, 2022, the Supreme Court granted US Bank's motion and directed Wilkshire to notify US Bank of its desire to redeem its interest in the property within 45 days of the date of service of the order. In an order entered July 7, 2022, the court, inter alia, granted US Bank's motion and denied that branch of Wilkshire's cross-motion which was for a discovery schedule. Wilkshire appeals.
The Supreme Court erred in granting US Bank's motion for summary judgment on the complaint and to strike Wilkshire's answer. "Where the interest of a necessary party has not been foreclosed upon in a judgment of foreclosure and sale, the purchaser of the foreclosed property has two potential remedies: a strict foreclosure action pursuant to RPAPL 1352, or a reforeclosure action pursuant to RPAPL 1503. RPAPL 1503 provides, in pertinent part, that, when real property has been sold at a foreclosure sale 'and it appears from the public records or from the allegations of [*2]the complaint that such judgment, sale or conveyance was or may have been, for any reason, void or voidable as against any person, including an owner of the real property mortgaged, the purchaser . . . may maintain an action as provided in this article to determine the right of any person to set aside such judgment, sale or conveyance or to enforce an equity of redemption or to recover possession of the property, or the right of any junior mortgagee to foreclose a mortgage'" (McWhite v I & I Realty Group, LLC, 210 AD3d 1069, 1071 [citations omitted]). "[T]o prevail in a reforeclosure action, the plaintiff must demonstrate that the defect in the original foreclosure action 'was not due to fraud or wilful neglect of the [foreclosure] plaintiff and that the defendant or the person under whom he [or she] claims was not actually prejudiced thereby'" (id. at 1072, quoting RPAPL 1523[2]).
Here, US Bank's predecessor in interest allowed the notice of pendency in the foreclosure action to lapse. During that lapse, Wilkshire obtained and recorded title to the property by a referee's deed pursuant to the foreclosure of a lien for unpaid homeowners association dues. Subsequently, US Bank filed a new notice of pendency, which was not served upon Wilkshire. Thereafter, US Bank obtained an order and judgment of foreclosure and sale in the foreclosure action. On its motion for summary judgment in the instant action, US Bank failed to submit any evidence to establish, prima facie, that the defect in the foreclosure action was not due to willful neglect by itself or by its predecessors in interest. Thus, US Bank failed to establish its entitlement to judgment as a matter of law (see id. at 1072-1073; U.S. Bank N.A. v Lomuto, 198 AD3d 707, 708-709).
Therefore, the Supreme Court should have denied US Bank's motion for summary judgment on the complaint and to strike Wilkshire's answer, and, in view of the foregoing, the court should have granted that branch of Wilkshire's cross-motion which was for a discovery schedule.
Wilkshire's remaining contention, raised for the first time on appeal, is not properly before this Court (see Walsh v Ocwen Loan Servicing, LLC, 217 AD3d 802, 804).
BARROS, J.P., CHRISTOPHER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court