BR Madison, LLC v Novas (2025 NY Slip Op 00417)

BR Madison, LLC v Novas

2025 NY Slip Op 00417

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-02313
2022-03124
 (Index No. 606110/21)

[*1]BR Madison, LLC, respondent, 
v
Dianna J. Novas, etc., appellant, et al., defendants.

Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellant.
Robert Bichoupan, P.C., Great Neck, NY (Carolyn Bichoupan of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant Dianna J. Novas appeals from (1) an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered March 7, 2022, and (2) an order and judgment (one paper) of the same court entered March 23, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment declaring that the plaintiff is the record holder and owner of the subject property and denied the cross-motion of the defendant Dianna J. Novas to set aside a tax lien sale and to cancel a tax deed conveying the subject property. The order and judgment, insofar as appealed from, granted the same relief to the plaintiff, denied the same relief to the defendant Dianna J. Novas, and declared that the plaintiff is the record holder and owner of the subject property.
ORDERED the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
On May 17, 2021, the plaintiff commenced this action pursuant to RPAPL article 15 to quiet title to certain real property located in Hempstead against the defendant Dianna J. Novas (hereinafter the defendant), among others. The complaint alleged that the plaintiff acquired the property as a result of a tax lien sale and sought a judgment declaring that the plaintiff is the record holder and owner of the property.
The plaintiff moved, inter alia, for summary judgment declaring that the plaintiff is [*2]the record holder and owner of the property. In support of the motion, the plaintiff submitted an affidavit of Verlene Holder, the Village of Hempstead Superintendent of Tax and Water. Holder stated that two notices of tax lien sale were sent to the defendant, one to her address of record and the other to the property address, advising her that a tax lien on the property due to certain unpaid taxes would be sold at a tax lien sale, and that neither notice was returned to sender. Holder also stated that the Village "caused notice of the tax lien sale to be published in the Beacon, the official newspaper of the Village, on April 13, 2018, April 20, 2018 and April 27, 2018." The notices of tax lien sale sent to the defendant, as well as copies of the tax records from which the Village obtained her address, were attached to Holder's affidavit. The notices of tax lien sale were dated March 1, 2018.
The plaintiff also submitted a notice of redemption dated September 18, 2020, which was sent to the defendant at the same two addresses. The plaintiff included certified mail receipts and United States Postal Service tracking information for the notices of redemption.
In addition, the plaintiff submitted a tax sale certificate dated May 3, 2018, signed by Raymond J. Calame, the Village Treasurer, stating that the tax lien on the property had been purchased by County Acquisitions, LLC, for the sum of $11,711.41. The plaintiff also submitted a tax deed dated May 5, 2021, signed by Joseph Gill, as the Village Treasurer, conveying the property to County Acquisitions, LLC. County Acquisitions, LLC, conveyed the property to the plaintiff by deed dated May 14, 2021.
The defendant opposed the plaintiff's motion and cross-moved to set aside the tax lien sale and to cancel the tax deed. In support, the defendant submitted an affidavit in which she denied receiving both the notices of tax lien sale and the notice of redemption.
In an order entered March 7, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment declaring that the plaintiff is the record holder and owner of the property and denied the defendant's cross-motion. In an order and judgment entered March 23, 2022, the court, among other things, granted the same relief to the plaintiff, denied the same relief to the defendant, and declared that the plaintiff is the record holder and owner of the property. The defendant appeals.
Contrary to the defendant's contention, her right to due process was not violated. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314; see Matter of 149 Glen St. Corp. v Jefferson, 140 AD3d 742, 742-743).
The defendant argues that the Village should have been required to commence an in rem tax lien foreclosure proceeding. However, she concedes that, pursuant to L 1993, ch 602, § 6, Code of Village of Hempstead § 119-19, and former Real Property Tax Law § 1452 (repealed by L 1993, ch 602, § 4), "[o]pting out [of a law repealing certain sections of the Real Property Tax Law] allowed the Village of Hempstead and the tax lien purchaser to use the old law, which allowed for sale of the tax lien based on a written notice to the owner by mail and publication, and the issuance of a tax deed after service of a notice to redeem on the owner by mail." The plaintiff correctly argues that the mailing and publication of the notice of tax lien sale and the mailing of the notice of redemption were sufficient to satisfy due process in this case (see Matter of Harner v County of Tioga, 5 NY3d 136; Matter of Roslyn Jane Holdings, LLC v Jefferson, 144 AD3d 1041, 1043). Accordingly, the Supreme Court properly denied the defendant's cross-motion to set aside the tax lien sale and to cancel the tax deed.
We recognize the merit of the concurrence but are constrained to find that, unlike in an action pursuant to RPAPL article 13, a valid notice of pendency is not a condition precedent for a declaratory judgment pursuant to RPAPL article 15, and, therefore, the invalid notice of pendency is not a sufficient reason to reverse the order and judgment in this action.
The defendant's remaining contentions either are improperly raised for the first time on appeal (see Walsh v Ocwen Loan Servicing, LLC, 217 AD3d 802, 804) or without merit.
DUFFY, J.P., FORD and TAYLOR, JJ., concur.
WOOTEN, J., concurs, and votes to dismiss the appeal from the order and affirm the order and judgment insofar as appealed from, with the following memorandum:
Based upon existing statutory law, I am constrained to concur with the determination of my colleagues, but I write separately to express my concerns with the result and the need for the Legislature to take further action to protect homeowners.
On January 22, 2016, the defendant Dianna J. Novas (hereinafter the defendant) purchased certain real property in Hempstead (hereinafter the property) for the sum of $348,000, with no mortgage. In her affidavit, the defendant averred that she renovated the home situated on the property and "put all of [her] savings into the [property]" for herself, a single mother, to live in with her three young children. The defendant indicated that when her father became extremely ill, she and her children moved into his home in South Ozone Park in order for the defendant to take care of him. The defendant's father died on July 24, 2016. The defendant averred that while she was handling her father's estate, she "started to fall behind" on the 2017 property taxes imposed by the Village of Hempstead on the property.
On May 3, 2018, the Village Treasurer held a public auction for the property due to unpaid taxes, at which the plaintiff's predecessor in interest, County Acquisitions, LLC (hereinafter County Acquisitions), purchased a tax lien on the property in the sum of $11,711.41. According to an affidavit of Verlene Holder, the Village Superintendent of Tax and Water, notices of tax lien sale dated March 1, 2018, were mailed to the property and to the address of the defendant's father, and published in the Village newspaper on multiple dates. However, the defendant averred that she never received a notice of tax lien sale and that the sale was conducted without her knowledge. The defendant also denied that she received a notice of redemption dated September 18, 2020, which was mailed to the property and to the address of her father's home at a time when she no longer resided at that address, as she had moved in 2019 to a home in Oakland Gardens.
The defendant further attested that in January 2021, she visited the property and found a notice from the Village posted on the door regarding unpaid taxes. The defendant indicated that she immediately inquired and was advised that she had until July 2021 to redeem the property by paying all outstanding property taxes. However, the defendant averred that when she gathered the necessary funds and was ready to pay the outstanding taxes in June 2021, she learned that she was no longer the record owner of the property. County Acquisitions had obtained title to the property by tax deed dated May 5, 2021, and the property was subsequently transferred to the plaintiff by deed dated May 14, 2021.
On May 17, 2021, the plaintiff filed a notice of pendency against the property and commenced this action pursuant to RPAPL article 15 to quiet title, seeking a judgment declaring that the plaintiff is the record holder and owner of the property. On June 29, 2021, the plaintiff's process server effected service upon the defendant by delivering a copy of the summons and complaint to the defendant's husband at her home, followed by mailing a copy of the summons and complaint to the same address on June 30, 2021.
In an order entered March 7, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment declaring that the plaintiff is the record holder and owner of the property and denied the defendant's cross-motion to set aside the tax lien sale and to cancel the tax deed. In an order and judgment entered March 23, 2022, the court, among other things, granted the same relief to the plaintiff, denied the same relief to the defendant, and declared that the plaintiff is the record holder and owner of the property.
Pursuant to CPLR 6512, a notice of pendency is effective "only if, within thirty days [*3]after filing, a summons is served upon the defendant or first publication of the summons against the defendant is made pursuant to an order and publication is subsequently completed" (emphasis added). "'To counterbalance the ease with which a party may hinder another's right to transfer property [by filing a notice of pendency], th[e Court of Appeals] has required strict compliance with the statutory procedural requirements [of CPLR article 65]'" (Matter of Sakow, 97 NY2d 436, 441, quoting 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 320). Here, the defendant was not served with the summons and complaint within 30 days of the filing of the notice of pendency on May 17, 2021, and therefore, the notice of pendency was invalid (see CPLR 6512; NYCTL 1999-1 Trust v Chalom, 47 AD3d 779, 780).
Notably, had this been a foreclosure action, reversal of the order and judgment insofar as appealed from would have been warranted on the ground that no valid notice of pendency was filed at least 20 days prior to the entry of the final judgment in compliance with RPAPL 1331 (see NYCTL 1999-1 Trust v Chalom, 47 AD3d at 780; Slutsky v Blooming Grove Inn, 147 AD2d 208, 212-213). However, since the plaintiff obtained a judgment declaring it to be the record owner of the property by having commenced an action to quiet title pursuant to RPAPL article 15, there is no applicable provision comparable to RPAPL 1331 requiring the filing of a valid notice of pendency at least 20 days prior to the entry of the final judgment. Consequently, whereas a defendant in a foreclosure action facing the loss of his or her home may challenge the entry of a final judgment based upon the plaintiff's failure to file a valid notice of pendency in accordance with CPLR 6512, a defendant in an action to quiet title pursuant to RPAPL article 15 who likewise faces the loss of his or her property has no such defense to the entry of a final judgment based upon an invalid notice of pendency. There is no basis for such an arbitrary distinction, and "the legislature should . . . establish[ ] a uniform set of requirements for all notices of pendency in New York, regardless of the type of action" (Deborah L. Kelly, Prac Insights, NY CLS, RPAPL 1331).
Furthermore, the defendant contends that this Court should reverse the order and judgment insofar as appealed from in the interest of justice to afford her one last opportunity to redeem the tax lien. Even assuming, arguendo, that contention is improperly raised for the first time on appeal, the issue is discussed herein to highlight the potential for injustice to homeowners under current statutory law.
Pursuant to RPTL 1110(1), "[r]eal property subject to a delinquent tax lien may be redeemed by payment to the enforcing officer, on or before the expiration of the redemption period, of the amount of the delinquent tax lien or liens." RPTL 1110(2) provides that "[t]he redemption period shall expire two years after [the] lien date," except that a tax district may adopt a local law to increase the redemption period for residential or farm property to three or four years after the lien date (see id. § 1111[2]). Here, since County Acquisitions purchased the tax lien on May 3, 2018, and there is no indication in the record of the tax district adopting a local law increasing the redemption period for residential property, the redemption period expired two years after the tax lien sale in May 2020, after which the defendant could no longer redeem the tax lien by paying the delinquent taxes (see id. § 1110[2]). Thus, this Court does not possess any authority to grant the defendant one last opportunity to redeem the tax lien as she requests, since "once the right to redeem is lost, it cannot be revived, even by court order" (LIC Assets, LLC v Chriker Realty, LLC, 131 AD3d 946, 947 [internal quotation marks omitted]).
The circumstances of this case illustrate the potentially unjust effects of the current statutory scheme. Here, the defendant will suffer the loss of her property purchased for the sum of $348,000, with no mortgage, in which she has made additional expenditures to renovate the property, due to a relatively nominal tax lien in the sum of $11,711.41. Moreover, notwithstanding the determination of my colleagues that the mailing and publication of the notice of tax lien sale and the mailing of the notice of redemption were sufficient to satisfy due process, with which I concur, the record reflects that the defendant promptly attempted to take action to pay the delinquent taxes once she received notice thereof and was prepared to pay all delinquent taxes, but was no longer able to do so.
The intent of statutes authorizing tax sales is "'to collect taxes, not forfeit real [*4]property'" (James B. Nutter & Co. v County of Saratoga, 39 NY3d 350, 356, quoting Carney v Philippone, 1 NY3d 333, 339). Further, the provisions of RPTL 1110 "attempt to balance the harsh results flowing from strict enforcement of the statutory provisions and the need to extend a delinquent taxpayer's time to produce the required delinquent payment" (John Blyth, Prac Insights, NY CLS, RPTL 1110). However, as this case reveals, RPTL 1110 has not operated to achieve the intended result and has instead cut off the property owner's ability to pay the delinquent taxes upon the termination of an arbitrary time period, without regard to her specific circumstances or the significant disparity between the amount of the tax lien and the amount of money already expended by the owner toward the property. While the Legislature affords tax districts the opportunity to adopt a local law to increase the redemption period for residential property to three or four years after the lien date (see id. § 1111[2]), tax districts have little incentive to exercise the discretion to aid homeowners facing the loss of their homes due to delinquent taxes. Consequently, the Legislature should consider extending the two-year redemption period for residential homeowners or, in the alternative, enacting exceptions to extend the redemption period depending on circumstances such as the amount of delinquent taxes falling below a stated amount or the homeowner having made significant partial payments of the delinquent taxes.
I concur with my colleagues as to the determination of the remaining issues raised on appeal.
ENTER:
Darrell M. Joseph
Clerk of the Court